181452 In front of you stands the victim. It is undisputed that Grissel was the victim of Kill Grissel the Jew. It was posted in the building. When he asked that the authorities do something about it, he was, to use an analogy, sent to Bufenwald or Purgatory. No one looked for the anti-Semite. No one prosecuted the anti-Semite. The state, to this day, literally supports the anti-Semite. At the beginning of this case, the New York State Supreme Court Justice Louis Bart Stone repeatedly and repeatedly described it as overt anti-Semitism. That's a quote from his several decisions in this matter. And he ordered them to stop, them being the several people who were doing it or supporting it. Some ten years later, it came before District Court Justice, excuse me, Judge Chen. Judge Chen has simply ignored that fact and de facto lets support the anti-Semite. So much for claims preclusion or collateral estoppel. Now Judge Chen says to you, claims preclusion, claims preclusion, uphold my prior decision, even if it ignored the law. Claims preclusion for the District Court, but not for Grassell. That's one of the issues I've raised. Point two, the New York State Department of Education in this case is not the New York City Board of Education. They are two distinct bodies. Point three, the licenses involved are different. New York City license, state license. I've never used the state license. Never been appointed under it. Point four, Grassell was found innocent in one form. In the sense you have documents in front of you which says the case against Grassell was withdrawn with prejudice and various other similar notes. Point five, Grassell was never charged with immoral character or immorality in the city by the Board of Education. But the state now charges, excuse me, now states that he is solely charged with immoral character, immorality. And the only documents that the state has produced are the documents that show that Grassell was innocent of that very charge. But we'll ignore the facts. Just as this court is being asked to do. I will note about the anti-Semitism that the truth remains that Grassell, excuse me, kill Grassell the Jew is still the law in the state of New York. No one has done anything about that. I will cite two similar cases for your consideration. Burton versus Cascade School Union School District 353 F Supplement 254, wherein that court found the immorality character clause statute unconstitutionally vague. And the second case I will cite is Lawrence Stewart versus Frank Pierce 484 F 2D 131, where the due process issue is stated. I have concluded my presentation. Thank you very much. We'll take the matter under advisement. That concludes our oral arguments for this morning. We have two cases on submission. Saunders-Venters versus Salem number 1825-23 and Isagy versus Dorvillier number 1813-43. So the clerk will please adjourn court.